IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. **JOHNNY DENNEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-00158-KEW |
| | ) | |
| 1. **BOARD OF COUNTY** | ) | ATTORNEY LIEN CLAIM |
| **COMMISSIONERS OF LOVE** | ) | JURY TRIAL DEMANDED |
| **COUNTY, OKLAHOMA** | ) | |
| | ) | |
| 2. **JOE RUSSELL**, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** the plaintiff, Johnny Denney, by and through his attorneys of record, BROWN & GOULD, PLLC, and for his Complaint against the defendants The Board of County Commissioners of Love County, Oklahoma and Joe Russell in his individual capacity (collectively "**Defendants**"), alleges and states as follows:

### I.
### THE PARTIES

1.  Plaintiff, Johnny Denney ("**Plaintiff**"), is an adult individual and resident of Burneyville, Love County, State of Oklahoma. At times relevant herein, Plaintiff was employed by as a Sheriff's Deputy for the Love County Sheriff's Office.

2.  Defendant Board of County Commissioners of Love County, Oklahoma (the "**Board**") is a governmental entity which operates and/or conducts business in and for Love County, State of Oklahoma. The Board is also the employer of defendant Sheriff Joe Russell and the former employer of Plaintiff.

3.     Defendant Joe Russell ("**Sheriff Russell**") is an adult individual who on information and belief resides in Ardmore, Love County, State of Oklahoma. Sheriff Russell is an employee of the Board who, at all relevant times, acted under the color of law. Sheriff Russell was then, and continues to be, the Sheriff for the Sheriff's Office.

## II.
## JURISDICTION AND VENUE

4.     This civil action arises out of actions made by the Board and Sheriff Russell in his official capacity as Plaintiff's former supervisor, which resulted in the wrongful discharge of Plaintiff's employment. Defendant's actions are in violation of Plaintiff's right to substantive and procedural due process as guaranteed by the Fourteenth Amendment of the United States Constitution. Plaintiff's constitutional rights were violated by State actors and those claims are made actionable by 42 U.S.C. § 1983.

5.     Plaintiff also asserts claims against Defendants based on state law.

7.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claim predicated on 42 U.S. C. § 1983. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims arise out of the same core of operative facts as Plaintiff's federal claim.

8.     Plaintiff exhausted his administrative remedies in connection with his state-law tort claims by timely submitting a notice of tort claim to the Love County Board of County Commissioners and the Love County Sheriff's Office on July 30, 2014. Plaintiff has not, however, received notice of any acceptance or the denial of the submitted notice of tort

2

claim. Plaintiff's claim is deemed denied by operation of law upon ninety (90) days following the filing of said notice pursuant to OKLA. STAT. tit. 51, §157(a). Thus, Plaintiff's claim was deemed denied on or about October 28, 2014. Likewise, pursuant to OKLA. STAT. tit. 51, §157(b), Plaintiff has one hundred eighty (180) days to commence an action for the claims from the date in which Plaintiff's notice of tort claim was denied. Thus, Plaintiff has timely filed this lawsuit.

9. Plaintiff's claims arose in Love County, State of Oklahoma, which is also where the Defendants are located and can be served. Love County, State of Oklahoma is situated within the judicial district for the United States District Court for the Eastern District of Oklahoma. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.
### STATEMENT OF FACTS

10. Plaintiff was employed as a K-9 sheriff's deputy by the Love County Sheriff's Office for approximately eighteen (18) months until his employment was terminated on or about January 20, 2014.

11. During the course of his employment, Plaintiff, with the use of his assigned canine officer, successfully assisted the Sheriff's Office in making numerous arrests, detecting the presence of illegal contraband, pursuing and apprehending fugitives, tracking and rescuing missing or kidnaped individuals, detecting evidence, and training and working with police dogs.

12. On or about January 20, 2014, a Love County dispatch officer asked Plaintiff to assist in an ongoing, high-speed pursuit of a fleeing vehicle on Oswalt Road in Marietta, Oklahoma. Plaintiff assisted the following officers already in pursuit of the vehicle: Oklahoma Highway Patrol Trooper 686, Trooper Brian Quinn ("**Trooper Quinn**"), Love County Sheriff's Deputy 5, Cody Blagg ("**Deputy Blagg**"), and Love County Sheriff's Deputy 3, Jim Diggs ("**Deputy Diggs**").

13. While en route, Trooper Quinn advised Plaintiff that the driving suspect was an individual named James Con Nipp ("**Nipp**"). At that time, Plaintiff knew Nipp was Sheriff Russell's nephew. The pursuit ended when Nipp vacated his vehicle and fled inside his residence.

14. Plaintiff and the other officers entered Nipp's home and arrested Nipp.

15. After placing Nipp in the back of his patrol car, Plaintiff was physically assaulted and battered by other members of Sheriff Russell's family, including his Uncle, John Nipp.

16. Plaintiff, together with Trooper Quinn and Deputy Blagg, detained John Nipp with the intent of arresting him for his assault and battery of a peace officer.

17. However, shortly thereafter, Sheriff Russell arrived at the scene and ordered Plaintiff to immediately release his Uncle, John Nipp. Sheriff Russell even threatened to terminate Plaintiff's employment should he refuse to release his Uncle.

18.     Plaintiff contacted the Love County District Attorney's Office to ask whether Plaintiff should arrest of John Nipp despite the fact that Sheriff Russell was ordering his release.  The District Attorney's office suggested that Plaintiff should release John Nipp and then prepare written charges against him for the District Attorney's office to review and consider whether prosecution of a crime is warranted.  Plaintiff complied.

19.     Sheriff Russell later terminated Plaintiff to prevent him from preparing formal criminal charges against his Uncle.

20.     Thereafter, Sheriff Russell made false statements about Plaintiff to various other local law enforcement agencies.

21.     As a direct and proximate result of Defendants' actions and unlawful conduct, Plaintiff has suffered damage and loss, financial hardship, embarrassment, emotional distress, and an inability to obtain other employment as a peace officer.

## IV.
## THEORIES OF RECOVERY

### FIRST COUNT: VIOLATION OF 42 U.S.C. § 1983
### (FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, SUBSTANTIVE AND PROCEDURAL DUE PROCESS)

Plaintiff incorporates all prior allegations and further alleges and states as follows:

22.     This Count is alleged against Defendant, the Board of County Commissioners of Love County, Oklahoma.

23.     The Board was acting under the color of their authority in a manner which deprived Plaintiff of his constitutional right to procedural and substantive due process with

regard to his liberty and property interests. Plaintiff is entitled to substantive and procedural due process because Plaintiff's termination from the Sheriff's Office implicates a property interest protected by the due process clause of the Fourteenth Amendment to the Constitution. Such property rights derive from Plaintiff's legitimate claim of entitlement to continued employment which arises from independent sources such as State laws, rules, and/or understandings that secures benefits to employees like Plaintiff. The Board also failed to notify Plaintiff that his employment was in jeopardy and failed to afford him an opportunity to be heard before depriving him of his property interest in maintaining continued employment. Such actions are in direct violation of Plaintiff's substantive and procedural due process, Fourteenth Amendment rights which were clearly established at the time of the acts in question. Therefore, the Defendants are liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

24.     The Boards actions in depriving Plaintiff rights guaranteed to him by the Fourteenth Amendment proximately caused Plaintiff to suffer physical, mental and emotional injury in an amount to be determined by a jury.

25.     The Boards actions were willful and/or deliberately indifferent. Thus, punitive damages are available and should be assessed accordingly.

### SECOND COUNT: VIOLATION OF 42 U.S.C. § 1985
### (RETALIATION)

Plaintiff incorporates all prior allegations and further alleges and states as follows:

26.     This Count is alleged against all Defendants.

27. Plaintiff's termination from employment at the Sheriff's Office constitute violations of Plaintiff's rights under 42 U.S.C. §1985(1) by way of retaliating against him for attempting to lawfully discharge the duties required of a police officer after witnessing an individual commit a felonious act in his/her presence. Defendants, the Board and Sheriff Russell in his individual capacity as Plaintiff's supervisor and an employee of the Sheriff's Office, conspired to prevent Plaintiff from continuing his employment as a K-9 Sheriff's Deputy on account of his attempt to lawfully arrest an individual whom committed a felonious act in the presence of a peace officer.

28. By wrongfully retaliating against Plaintiff for attempting to discharge the lawful duties required of him as a peace officer, Defendants proximately caused physical, mental and emotional injury to in an amount to be determined by a jury.

29. Defendants' actions were willful and/or deliberately indifferent.

### Third Count: *Burk* Tort

Plaintiff incorporates all prior allegations and further alleges and states as follows:

30. This Count is alleged against defendant The Board of County Commissioners of Love County, Oklahoma.

31. The termination of Plaintiff's employment plainly violated clear and compelling public policy forbidding the interference with and retaliation against Oklahoma peace officers in the connection with the discharge their lawful duties.

32. As a result of the Board's retaliatory discharge of Plaintiff which is in violation of Oklahoma's public policy, Plaintiff has suffered lost earnings, past and future, and other compensatory damages.

33. The Board's conduct was willful, wanton and/or in reckless disregard of Plaintiff's rights.

### FOURTH COUNT: DEFAMATION

Plaintiff incorporates all prior allegations and further alleges and states as follows:

34. Sheriff Russell, in his capacity as Sheriff of Love County and/or his individual capacity, made false statements to third parties about Plaintiff's work performance.

35. Sheriff Russell did not exercise reasonable care under the circumstances; care in which a reasonable person under the same or similar circumstances would have used in determining whether the statements were true or not, before communicating them.

36. Sheriff Russell knew or should have know the statements he made regarding Plaintiff were untrue at the time he made them.

37. The statements made by Sheriff Russell about Plaintiff's professional reputation did, in fact, cause Plaintiff to suffer financial loss, damage to his professional reputation and emotional injury.

38. The statements by Sheriff Russell exposed Plaintiff to contempt and ridicule by other local law enforcement personnel.

39. Plaintiff sustained damage and loss as a direct and proximate result of the defamatory statements made by Sheriff Russell.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, all premises considered, Plaintiff respectfully prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and award compensatory damages, lost wages (past and future), and punitive damages against the individuals, together with any appropriate and applicable equitable relief, pre- and post-judgment interest, costs, attorney's fees, and any and all other forms of relief this Court deems just and equitable and allowable under the law.

**RESPECTFULLY SUBMITTED THIS 27TH DAY OF APRIL, 2015.**

**BROWN & GOULD, PLLC**

s/ Dane J. Flesch

Tony Gould, OBA #18564
George H. Brown, OBA #18020
John D. Stiner, OBA #18148
Dane J. Flesch, OBA #31841
Robert W. Henderson, OBA #31082
**BROWN & GOULD, PLLC**
136 N.W. 10th Street, Suite 200
Oklahoma City, Oklahoma 73103
Telephone: (405) 235-4500
Facsimile: (405) 235-4507
Email: dflesch@browngouldlaw.com
tgould@browngouldlaw.com
gbrown@browngouldlaw.com
jstiner@browngouldlaw.com
rhenderson@browngouldlaw.com

*ATTORNEYS FOR PLAINTIFF*