# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY DENNEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-CV-158-JHP |
| BOARD OF COUNTY COMMISSIONERS OF LOVE COUNTY, OKLAHOMA, and JOE RUSSELL, in his individual capacity, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Defendant Board of County Commissioners of Love County, Oklahoma's Motion for Summary Judgment (Doc. No. 36) and Defendant Joe Russell, in His Individual Capacity's Motion for Summary Judgment (Doc. No. 37).

## BACKGROUND

Plaintiff Johnny Denney ("Plaintiff") was employed as a Deputy Sheriff for the Love County Sheriff's Office. (Doc. No. 36, at 1 (Undisputed Fact No. 2)). On January 20, 2014, Plaintiff sought to arrest the uncle of Defendant Sheriff Joe Russell ("Sheriff Russell"), John Nipp. (*Id.* at 5 (Undisputed Fact Nos. 23, 26)). Sheriff Russell advised Plaintiff to wait until the next morning to obtain a warrant to arrest Nipp, as Nipp was blind and the Love County Jail facility was not capable of holding a blind man. (*Id.* at 6 (Undisputed Fact No. 32)). After the Love County District Attorney's Office advised Plaintiff that he should prepare written charges against Nipp for the District Attorney's Office to review the next morning, Plaintiff did not arrest Nipp that evening. (*Id.* at 8-9 (Undisputed Fact No. 48); Doc. No. 36-1 (Depo. of Plaintiff), 193:20-194:1). The parties dispute whether Plaintiff voluntarily quit his job that evening or

whether Sheriff Russell terminated Plaintiff the following day. (Doc. No. 36-1 (Depo. of Plaintiff), 201:1-5, 205:7-23; Doc. No. 36-4 (Depo. of Sheriff Russell), 196:7-9; Doc. No. 36-13 (Termination Report)). The parties also dispute whether Sheriff Russell subsequently made defamatory statements about Plaintiff to other local law enforcement agencies. (*See* Doc. No. 37-1 (Depo. of Plaintiff), 237:22-238:24; Doc. No. 37-4 (Depo. of Sheriff Russell), 272:12-17); Doc. No. 44-2 (Depo. of Sheriff Russell), 215:13-216:18; 218:15-219:5).

Plaintiff filed a First Amended Complaint in this action on April 28, 2015, asserting claims arising out of both state and federal law. (Doc. No. 4). Specifically, Plaintiff asserted claims against Defendant Board of County Commissioners of Love County, Oklahoma ("Board") for (1) violations of Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983 and (2) retaliatory discharge in violation of Oklahoma public policy (*Burk* tort claim). Plaintiff asserted one claim against Sheriff Russell in his individual capacity for defamation.

Both Defendants have now moved for summary judgment on all of Plaintiff's claims against them. (Doc. Nos. 36, 37). In his Response to the Board's Motion for Summary Judgment, Plaintiff conceded his claim pursuant to § 1983 was subject to judgment against him, but opposed Defendants' arguments with respect to his state-law claims and asked the Court to retain jurisdiction over those claims. (Doc. No. 43). In their Reply briefs, both Defendants asked the Court to decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. (Doc. Nos. 51, 52). In Sur-Reply briefs, Plaintiff opposed dismissal of the remaining claims. (Doc. Nos. 60, 61).

**DISCUSSION**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. However, a party opposing a motion for summary judgment may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**I.     Federal Law Claim**

In his Response to the Board's Motion, Plaintiff concedes summary judgment is proper for the Board as to Plaintiff's claim for violation of 42 U.S.C. § 1983. (Doc. No. 43, at 31). Accordingly, the Board's request for summary judgment on this claim is granted.

**II.    State Law Claims**

Plaintiff maintains the Board is not entitled to summary judgment on his "*Burk*" tort claim pursuant to Oklahoma law. (*See* Doc. No. 43, at 26-31). Plaintiff further maintains Sheriff Russell is not entitled to summary judgment on Plaintiff's defamation claim against him pursuant to Oklahoma law. (*See* Doc. No. 44, at 25-31). In Reply, the Board and Sheriff Russell each ask the Court to decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law

claims, with all federal law claims having been conceded. (Doc. Nos. 51, 52). The Court agrees with Defendants and declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

The Tenth Circuit has stated, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998). Specifically, the Tenth Circuit has followed the Supreme Court's lead in classifying supplemental jurisdiction not as a litigant's right, but as a matter of judicial discretion. *Estate of Harshman v. Jackson Hole Mountain Resort Corp.,* 379 F.3d 1161, 1165 (10th Cir. 2004) (citing *City of Chi. v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997), *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). In circumstances where the supplemental jurisdiction statute may support supplemental jurisdiction, the district court retains discretion to decline to exercise that jurisdiction. The traditional analysis, based on the Supreme Court's opinion in *United Mine Workers v. Gibbs,* compelled courts to consider "judicial economy, convenience and fairness to litigants" when deciding whether to exercise supplemental jurisdiction. 383 U.S. at 726. The Supreme Court also cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, and "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.*

Similarly, Congress' supplemental jurisdiction statute enumerates four factors that the court should consider:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In applying these factors, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

The Court finds Plaintiff has abandoned his request for relief under 42 U.S.C. § 1983 for alleged constitutional violations, and that claim is herein dismissed. Therefore, only state law claims remain at this stage in the litigation, and the Court has "a powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 351; *see* 28 U.S.C. § 1367(c)(3). Such claims are better litigated in state court. *See Carnegie-Mellon,* 484 U.S. at 350 n.7 ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Although Plaintiff asks the Court to retain jurisdiction over his remaining state-law claims (*see* Doc. No. 61), Plaintiff has presented no compelling reason why the Court should continue exercising supplemental jurisdiction over his state-law claims, when all federal claims have been abandoned. While Plaintiff correctly states the Court may elect to retain jurisdiction over Plaintiff's state-law claims, the Court declines to do so in the interests of comity and fairness to all parties. While judicial economy and convenience weigh slightly in favor of retaining jurisdiction, this case could proceed quickly in state court, with significant discovery having been completed.

Accordingly, Plaintiff's state-law *Burk* tort claim and defamation claim are dismissed without prejudice. The Court declines to exercise supplemental jurisdiction over these state-law claims.

## CONCLUSION

For the reasons stated above, Defendant Board of County Commissioners of Love County, Oklahoma's Motion for Summary Judgment (Doc. No. 36) is **GRANTED** on Plaintiff's federal claim (First Count). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's remaining state-law claim against the Board (Second Count), which renders the Board's Motion for Summary Judgment on that claim **MOOT**. The Court **DISMISSES WITHOUT PREJUDICE** the state-law claim against Defendant Joe Russell (Third Count). Therefore, Defendant Joe Russell, in His Individual Capacity's Motion for Summary Judgment (Doc. No. 37) is **MOOT.**

**IT IS SO ORDERED** this 8th day of December, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma